UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDSAY K. HUNT, | No. 11-35600 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00802-AC<br>District of Oregon,<br>Portland |
| v. | |
| CITY OF PORTLAND, an Oregon<br>municipal corporation; et al., | ORDER |
| Defendants - Appellees. | |

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

The prior memorandum disposition filed on October 24, 2012 is hereby

amended concurrent with the filing of the amended disposition today. The partial

dissent was not amended.

With these amendments, the panel has unanimously voted to deny the

petition for rehearing en banc.

The full court was advised of the petition for rehearing en banc and no

judge has requested a vote on whether to rehear the matter en banc. Fed. R. App.

P. 35.

The petition for rehearing en banc is DENIED. No further petitions for rehearing or rehearing en banc may be filed in response to the amended disposition.

FILED

**NOT FOR PUBLICATION**

OCT 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDSAY K. HUNT, | No. 11-35600 |
| Plaintiff-Appellant, | D.C. No. 3:08-cv-00802-AC |
| v. | |
| CITY OF PORTLAND, an Oregon municipal corporation; WILLIAM HUBNER; JOSEPH SCHILLING; ERIC HENDRICKS; BRYAN PARMAN; JUDY BRUMFIELD, individuals, | AMENDED MEMORANDUM[1] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted October 10, 2012
Portland, Oregon

Before:    SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Plaintiff-Appellant Lindsay K. Hunt appeals the district court's order

granting the City Defendants motion for summary judgment on Hunt's First

---

[1]     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

Amendment claim, and evidentiary rulings at trial pertaining to the admission of expert testimony and the expert's written report. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we affirm the district court.

1. We review the district court's grant of summary judgment de novo. *Davis v. Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007). The Supreme Court has held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). As a Portland Police Bureau Officer, Hunt had the duty to report misconduct by other officers. Viewing the facts in the light most favorable to Hunt (thereby eliminating any alleged disputed facts), a practical inquiry demonstrates that this duty was not altered by an alleged "unwritten policy" or statements made to Hunt by her supervising officers, who had no authority to change the policy. Because Hunt had a duty to report such

misconduct, her speech was not protected under the First Amendment and the district court's grant of summary judgment was proper.[2]

2.  We review evidentiary rulings on the admissibility of expert witness testimony for abuse of discretion.  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997).  Evidentiary rulings should not be reversed "absent some prejudice." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927-28 (9th Cir. 2000).

Under Federal Rule of Evidence 702, an expert witness "may testify in the form of an opinion or otherwise if . . . the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702.  Under Federal Rule of Evidence 704(a), an expert opinion "is not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704(a).

---

[2]This court's decision in *Dahlia v. Rodriguez*, No. 10-55978, 2013 WL 4437594 (9th Cir. Aug. 21, 2013), filed after our original memorandum disposition in this case, does not change our conclusion that Hunt was acting within the scope of her employment.  The speech at issue in *Dahlia* was made to outside investigators.  In contrast, Hunt directed her speech up her chain of command.  As the court in *Dahlia* recognized, "particularly in a highly hierarchical employment setting such as law enforcement, whether or not the employee confined his communications to his chain of command is a relevant, *if not necessarily dispositive*, factor in determining whether he spoke pursuant to his official duties." *Id.* at *10 (emphasis added).

Before the medical expert was allowed to testify, the district court circumscribed the scope of his testimony. The district court ruled that the expert could not opine on Hunt's believability. Accordingly, the district court excluded the testimony to the extent it related to liability and allowed it only as to damages causation. Because the district court circumscribed the scope of trial testimony, and because the district court limited the testimony to the issue of damages causation, allowing the testimony was not an abuse of discretion. While the expert testified that Hunt suffered from PPD, and that she had this condition before becoming a police officer, the district court did not allow the expert to connect any inference that might be drawn regarding what effect, if any, PPD had on Hunt's perception of the relevant events. The issue of Hunt's credibility was left to the jury.

3. With respect to the expert's written report, we conclude that the report is hearsay to which no hearsay exception applies. The district court did not explain its basis for admitting the report at trial. Therefore, we conclude that it was error for the district court to admit the inadmissible report. However, we decline to reverse the jury's verdict because Hunt has not shown that "more probably than

4

not, the lower court's error tainted the verdict." *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 688 (9th Cir. 2001).

The district court heavily redacted the expert's written report, and the written report was largely cumulative of the expert's trial testimony. While cumulative testimony may be excluded under Federal Rule of Evidence 403, we cannot conclude that the admission of cumulative testimony in this case was prejudicial. Hunt's counsel participated in redaction of the written report, and therefore provided input on the limitations placed on the expert's testimony. Moreover, counsel objected to only a single statement made by the expert at trial. While the district court's ruling on this statement is not clear, even if the district court overruled the objection in error, Hunt has not shown that she was prejudiced by this single statement. Because the report was cumulative of the trial testimony, and because counsel participated in limiting the scope of such testimony, we conclude that the district court's error in admitting the written report was not prejudicial.

**AFFIRMED.**

Hunt v. City of Portland, 11-35600

SILVERMAN, Circuit Judge, concurring in part and dissenting in part:


The majority holds that Dr. Klecan's report was inadmissible hearsay.  I agree.  The majority also holds that the admission of the report, although erroneous, did no harm  That is where I respectfully disagree.


Hunt presented psychological testimony with respect to the damages she claimed to have sustained as a result of the City's alleged unlawful treatment of her.  Because Hunt claimed to have suffered anxiety and related psychological trauma caused by the defendants' actions, the defendants were well within their rights to offer psychiatric evidence to rebut her claim.  Indeed, defense expert Eugene Klecan, M.D., a psychiatrist, opined that Hunt did not suffer "any mental/emotional disorder acquired from her employment at the Portland Police." So far so good.


But Dr Klecan went much further.  In his 24-page report, Dr. Klecan opined in writing and in excruciating detail about Hunt's character and her credibility, including her inability to accurately perceive events.  Dr. Klecan wrote that due to

what he characterized as Hunt's "rigid, compulsive perfectionism" and "paranoid personality disorder," she is incapable of self-appraisal and learning from others. She prefers to "focus with angry, self-righteous intensity upon the misdeeds of others as she perceives them, in contrast to her own perfections of thoughts and conduct as she perceives it." People like her are given to "extreme suspiciousness" and "hysterical overreacting." Dr. Klecan even pointed out what he deemed to be an inconsistency in Hunt's account *to him* of how she came to leave the police department.

All of this was objected-to inadmissible hearsay, as the majority acknowledges. It was also inadmissible character evidence to which Hunt also objected on relevancy grounds. Although Dr. Klecan's opinions should have been confined to whether she suffered psychological harm as a result of her employment, Dr. Klecan effectively opined that Hunt failed to succeed as a police officer – not because of any shortcomings of the police department – but due to her own personality disorders. And what's more, she can't even accurately perceive what went wrong. Given that Hunt's credibility was a key issue, I fail to see how this highly prejudicial and irrelevant hearsay, which the majority agrees was wholly inadmissible, can been deemed harmless. To make matters worse, this

detailed written report was received into evidence as an exhibit and allowed to go into the jury room, where it could be poured over word-for-word during the deliberations, further magnifying its significance.

It is no answer to say that the report had been partially redacted. In the first place, *none* of the report should have come in, as the majority acknowledges. Hunt had made a timely, well-taken objection to the report in its entirety. Secondly, as recounted only briefly above, very damaging information survived the redaction. Finally, although Hunt's lawyer was allowed to be heard regarding the redactions, he did not in any way, shape, or form stipulate that the redacted report could come in. To the contrary, Hunt's lawyer, having been dealt lemons by the district judge, attempted to make lemonade as best he could.

I agree with the majority that the district court correctly granted summary judgment in favor of the defendants on the First Amendment issue. However, because Dr. Klecan's report was both inadmissible and extremely prejudicial, I would reverse and remand for a new trial.